UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, AND ITS JOINT BOARD OF TRUSTEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DI GIROLAMO PAINTING AND DECORATING, INC.,<br><br>Defendant. | Case No. 14-cv-02362-TEH<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs Bay Area Painters and Tapers Pension Trust Fund, et al., seek entry of a judgment by default ordering Defendant Di Girolamo Painting and Decorating, Inc., to make payment of contributions found due on an audit of its payroll records for the period from April 1, 2010 through August 31, 2013.  In accordance with ERISA § 502(g)(2), the terms of the Parties' Collective Bargaining Agreement, and the terms of the relevant Trust Agreements, Plaintiffs also seek to recover liquidated damages and interest incurred on said unpaid contributions, as well as attorneys' fees, costs, and audit fees incurred in this action.  The Court has carefully considered the merits of Plaintiffs' request, and finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b).  Good cause appearing, the Court now GRANTS Plaintiffs' motion for default judgment and VACATES the hearing scheduled for May 16, 2015.

**BACKGROUND**

Plaintiffs filed this action on May 21, 2014.  Compl. (Docket No. 1).  After some difficulty, Defendant's representative was personally served on August 15, 2014.  Certificate of Service (Docket No. 11).  After Defendant failed to make an appearance in this matter, Entry of Default was issued on September 16, 2014.  (Docket No. 17).  Defendant was subsequently served with Plaintiffs' Request to Enter Default, as well as

the Clerk's Notice of Entry of Default.  Conzoneri Decl. ¶ 8 (Docket No. 24).  Plaintiffs filed the present motion for default judgment on February 5, 2015.  (Docket No. 22).  Defendant failed to provide any response, which was due on February 19, 2015.  To date, Defendant has not made any appearance in this matter.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter a final default judgment in a case.  The Court has discretion in determining whether to grant or deny a motion for entry of default judgment.  *Draper v. Coombes*, 792 F.2d 915, 924 (9th Cir. 1986).  In exercising its discretion, the Court is to take the factual allegations contained in Plaintiffs' complaint as true, except for those relating to the amount of damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Where a default judgment is granted, the scope of relief is limited only by Federal Rule of Civil Procedure 54(c), which mandates that a "default judgment must not **differ in kind** from, or **exceed in amount**, what is demanded in the pleadings." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. Dec. 27, 2002) (emphasis added).

## DISCUSSION

The Court finds Plaintiffs' requested judgment reasonable and legally warranted in all respects, except for the amount of additional attorneys' fees sought in connection with the "finalization and filing of [the motion for default judgment], service of this Motion, and for the preparation for and attendance at the hearing on this Motion."  Mot. at 15 (Docket No. 22).  The hearing in this case is vacated; Plaintiffs' counsel will therefore incur no costs in connection with preparation for and attendance at the hearing.  Additionally, Plaintiffs' counsel already included the cost of preparing and drafting this motion in the requested attorneys' fees of $9,396.80.  *See* Conzoneri Decl. ¶ 11(c)(i) (Docket No. 24).  It would be unreasonable to award counsel an additional $1,060.00,

representing six more hours of work, for the "finalization and filing" of an already "prepared and drafted" motion. Consequently, the Court instead awards $325 in additional attorneys' fees, representing one hour of attorney work and one hour of paralegal work, in connection with finalizing, filing, and serving the motion for default judgment, and for the preparation and filing of Plaintiffs' motion to vacate the hearing. As this amount does not "differ in kind from, or exceed in amount" the relief requested, it is permissible under Fed. R. Civ. P. 54(c).

**CONCLUSION**

Defendant has failed to plead, answer, or appear in this action and default has been entered. Accordingly, it is hereby ORDERED that Defendant shall pay to Plaintiffs $32,420.58 as follows:

1. Contribution Underpayments in the amount of $11,874.28;
2. Liquidated Damages in the amount of $2,374.86;
3. Interest in the amount of $2,636.46;
4. Testing Fees in the amount of $4,808.00;
5. Attorneys' Fees in the amount of $9,396.80;
6. Costs in the amount of $1,005.18;
7. Additional Attorneys' Fees in the amount of $325.

It is FURTHER ORDERED that interest shall continue to accrue at a rate of 5% per annum on unpaid contributions ($11,874.28) from February 4, 2015, until paid, and at post-judgment interest rates on the balance of the judgment. It is FURTHER ORDERED that the Court shall retain jurisdiction over this matter. The hearing is VACATED.

**IT IS SO ORDERED.**

Dated: 03/04/15            _____
                           THELTON E. HENDERSON
                           United States District Judge